Argued and submitted October 29, 2019, affirmed May 19, 2021

In the Matter of the Marriage of

Cheryl Ann LUTTROPP,
*Petitioner-Appellant,*
*and*

Jerald Duane LUTTROPP,
*Respondent-Respondent.*

Multnomah County Circuit Court
16DR06167; A168375

492 P3d 709

In this appeal from a marital dissolution judgment, wife challenges the trial court's equitable division of marital assets. She asserts that the trial court erred by refusing to classify a lump-sum social security disability award as marital property for equitable division. Husband argues that the trial court did not err because, in his view, the Social Security Act prohibits the type of division that wife requests. *Held*: The trial court did not err. The text of section 407(a) of the Social Security Act expressly precludes Social Security benefits from being categorized as marital property subject to equitable division.

Affirmed.

Amy Holmes Hehn, Judge.

Bradford F. Miller argued the cause for appellant. Also on the briefs was Stahancyk, Kent & Hook, P. C.

Elizabeth C. Savage argued the cause for respondent. Also on the brief were Ivan M. Karmel and Karmel Savage, P. C.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this appeal from a marital dissolution judgment, wife challenges the trial court's equitable division of marital assets and award of spousal support. We reject without discussion the challenge to the spousal-support award. With respect to the division of marital assets, wife asserts that the trial court erred by refusing to classify a lump-sum social security disability (SSD) award as marital property for equitable division. Husband argues that the trial court did not err because, in his view, the Social Security Act prohibits the type of division that wife requests. For the reasons explained below, we conclude that the trial court did not err and, accordingly, affirm.

## STANDARD OF REVIEW

As a threshold matter, because this is not an exceptional case, we decline to exercise our discretion to consider the case *de novo*. *See* ORAP 5.40(8)(c) (explaining that we review *de novo* only in exceptional cases). Thus, in reviewing the trial court's judgment, we are bound by the court's findings if there is any evidence in the record to support them. *Maldonado and Freed*, 294 Or App 583, 585, 432 P3d 1154 (2018).

ORS 107.105(1)(f) requires that a division of marital property must be "just and proper in all the circumstances." Absent a legal error, a trial court's ultimate determination as to what overall property division is just and proper in all the circumstances is a matter of discretion. *Herald and Steadman*, 355 Or 104, 107, 322 P3d 546 (2014), *cert den*, 574 US 1073 (2015). Because wife asserts that the trial court's division violated federal law in considering husband's SSD, we review that narrow issue for legal error. *Id.*

## BACKGROUND

The parties were married in 1993, and wife filed for dissolution from husband in March 2016. Husband and wife had comparable incomes until around 2010. Sometime later, the Social Security Administration determined husband to be "totally and permanently disabled" and, during the dissolution proceedings, husband received a one-time lump sum of $77,736 for disability benefits owed to him for the time

period of June 2013 to February 2017. Husband also receives $1,978 per month in SSD payments. The court found that wife has $1,747 available to pay husband spousal support and awarded husband $1,500 a month in support.

Before the trial court, the parties disputed whether the SSD lump-sum award was subject to equitable division as a marital asset. In particular, the parties disagreed on how section 407(a) of the Social Security Act applies to the division of the SSD award. That section provides:

> "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

42 USC § 407(a). Wife asserted that she was entitled to one half of the lump-sum, arguing that the "plain language of [the] statute clearly only applies to future payments, not payments already received by the parties." In wife's view, because she was not asserting any claim to future SSD payments, the statute did not apply to the lump sum that had already been paid. Husband remonstrated that the statute controlled the resolution of the dispute and relied on *Herald*. In that case, the Oregon Supreme Court held that "Social Security benefits are not marital property and are not subject to outright division in dissolution actions" for a number of reasons, including that "federal law preempts any state law that authorizes the assignment or transfer" of those benefits. 355 Or at 112.

The trial court concluded that the lump sum SSD award was not marital property subject to equitable distribution. Relying on *Herald*, the court reasoned that it was

> "pretty clear that an award of this type of Social Security benefits is not property in the traditional sense subject to division by the Court.
>
> "I know that the cases we have in this area are all about receipt of future income. But to me, the language of the opinion is pretty clear that this is not property subject to

the presumption of equal contribution and division in the way that a typical asset would be."

In the dissolution judgment, the court concluded that the lump sum is "not a marital asset that the Court has authority to divide, and the Court may only consider the funds in the ultimate just and equitable analysis." Wife then initiated this appeal.

On appeal, wife largely renews her contentions, arguing that the trial court erred by: (1) determining that the SSD lump sum was not a marital asset; (2) not equally dividing husband's other "unilaterally liquidated" retirement assets; and (3) misapplying *Herald*. We reject the second argument without discussion and, as explained below, because the trial court did not misinterpret or misapply the law, we reject wife's first and third arguments.

## DISCUSSION

We begin (and end) with the text of section 407(a) of the Social Security Act. In construing a federal statute, we follow the interpretative methodology prescribed by the federal courts. "Federal courts generally determine the meaning of a statute by examining its text and structure and, if necessary, its legislative history." *Corp. of Presiding Bishop v. City of West Linn*, 338 Or 453, 463, 111 P3d 1123 (2005). Here, we need not look beyond the plain text. Section 407(a) contains two antiassignment clauses: The first involves future payments (*i.e.*, "The right of any person to any future payment under this subchapter shall not be transferable or assignable ***."), and a second clause that involves "moneys paid or payable" (*i.e.*, "and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law"). Those clauses are joined by the term "and," which means that they must be read in a way that gives full effect to both clauses.

Pointing to the "future payments" clause of the statute, wife asserts that "[t]he plain language of the statute illustrates that its reach is limited to future payments of Social Security benefits, not to those that have already been

received." We disagree. That argument reads out the "moneys paid" language of section 407(a). *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 US 365, 371, 108 S Ct 626, 98 L Ed 2d 740 (1988) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme * * * because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law[.]"). In our view, the phrase "paid or payable" unequivocally encapsulates Social Security benefits that have already been paid as well as benefits that are forthcoming.

Our conclusion about the text of 42 USC section 407(a) is also consistent with *Herald*. In that case, the Oregon Supreme Court addressed a similar issue of whether section 407(a) prohibits trial courts from making "any consideration of Social Security benefits in a property division." 355 Or at 113-14 (emphasis omitted). Although that question is different than the one presented here, the court's discussion is nonetheless instructive.

In concluding that courts could consider the presence of Social Security benefits in the "just and proper" division of property, the court discussed at length the history and context of 42 USC section 407(a). It first noted that, by enacting section 407(a), "Congress had manifested its intent to prohibit state courts from considering Social Security benefits in dividing marital property." *Id*. at 110; *see also id*. at 112 ("Courts that have considered the issue have uniformly concluded—as this court did in *Swan*[*and Swan*, 301 Or 167, 176, 720 P2d 747 (1986)]—that Social Security benefits are not marital property and are not subject to outright division in dissolution actions."). Further, because section 407(a) is a federal law, it preempts "any state law that authorizes the assignment or transfer of Social Security benefits." *Id*. at 112. That means that, "[a]s pertinent to the division of property in a marital dissolution action, the antiassignment provision in 42 USC section 407(a) prohibits either (1) an outright transfer or assignment of a participant's Social Security benefits, or (2) an offsetting award in value of other assets based on the value of a participant's Social Security benefits." *Id*. at 122-23.

Importantly, the court explained that a trial court may still consider the presence of a party's Social Security benefits in the overall property division calculus without dividing that asset as marital property. *See id.* at 119-20 (noting that a trial court "does not *per se* violate 42 USC section 407(a) by considering Social Security benefits in fashioning a just and proper property division"). In this case, however, wife does not challenge the trial court's consideration of Social Security benefits in its overall "just and proper" division; rather, she challenges the trial court's failure to categorize and divide the lump-sum as martial property. Given the text of 42 USC section 407(a), we agree with the trial court's determination that the lump-sum SSD award was not marital property subject to equitable distribution. We therefore affirm the judgment.

Affirmed.